State v. Joseph and State v. Whitt

No error.

Judges MARTIN and WHICHARD concur.

STATE OF NORTH CAROLINA v. DAVID JOSEPH

STATE OF NORTH CAROLINA v. DAVID ALLEN WHITT

No. 8219SC119

(Filed 16 November 1982)

1. Larceny § 7.4— possession of recently stolen property—inference of larceny

An inference of defendant's guilt of larceny under the doctrine of possession of recently stolen property was not based upon an inference that defendant possessed the property and was proper where there was ample direct evidence that defendant was in possession of the recently stolen goods.

2. Criminal Law § 112.1— comment on reasonable doubt—absence of prejudice

Where the trial court correctly instructed the jury on reasonable doubt, defendant was not prejudiced by the court's statement, "and that does mean reasonable doubt."

3. Larceny § 8— instructions—failure to repeat all elements of crime

Where the trial court had just fully instructed the jury on all of the elements of larceny, there was no prejudicial error in the court's failure to repeat some of the elements when he thereafter instructed the jury that it should return a verdict of guilty if it found that defendant took and carried away the victim's property from a building after a breaking or entering or that the property was worth more than $400.00.

4. Criminal Law § 116.1— defendant's failure to testify—instruction on "any other contentions"

The trial court's instruction that the jury should consider "any other contentions that occur to you that arise from the evidence or lack of evidence" did not imply that the jury should consider the defendant's failure to testify as evidence where the court instructed the jury several times that defendant's exercise of his right not to testify created no presumption against him.

APPEAL by defendants, Joseph and Whitt, from *Hairston, Judge.* Judgments entered 30 September 1981 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 14 September 1982.

Defendants were tried on bills of indictment charging them with felonious breaking and entering and felonious larceny.

The State's evidence tended to show the following. On 12 October 1980, Jimmy Sheffield returned to his house at 6:00 p.m. and discovered several items of personal property were missing and his back door had been jimmied open. The missing property consisted of a JVC integrated amplifier, a JVC AM-FM tuner, a Pioneer tape player, a Pioneer cassette tape deck, an audio control graphic equalizer, two BIC speakers, a GE portable color TV, a digital alarm clock, a 7.5 horsepower boat motor, a Realistic stereo with two speakers, and two custom speakers. Sheffield testified that he immediately called the police department and police officer McIver came to his house. At 6:30 p.m., McIver and Mr. and Mrs. Sheffield noticed tire tracks in a field behind the house. They followed the tracks down to the woods and found the stolen property hidden under a large piece of tin.

Officer McIver testified that after they found the stereo equipment in the woods, he called two other policemen to plan a stakeout. He went back to the woods at approximately 8:30 p.m., and stayed there most of the night. At about 3:18 a.m., a truck drove up. McIver radioed the other policemen to set up at various locations. Three men got out of the truck and began to load the stereo equipment on the truck. When McIver thought the men were finished, he radioed the police cars that were standing by to move in. Then he ordered the three men to halt and identified himself as a police officer. Two of the men, later identified as defendants Joseph and Whitt, escaped into the woods, the third man, Richardson, jumped into the truck. After he chased Joseph and Whitt for a while, McIver returned to the truck and arrested Richardson.

According to McIver, Richardson made the following statement at the police station:

"At the time of about 6:00 o'clock a friend took me through town and to the bowling alley. There I was told by Mr. David Joseph that I could buy a stereo at a cheap price if I would help them load it. We rode around and wasted time at his business establishment until early in the morning. He then took me and an unidentified person behind the Datsun place in Asheboro, North Carolina, where the stereo equip-

ment was hidden in some woods, and I and Mr. Joseph and the other person began to load it. At no time beforehand was I told that the stereo was not legal. The truck we were riding in was in the possession of David Joseph."

In March 1981, Richardson identified the third person as David Whitt.

At trial, Richardson testified that he was drinking beer at the bowling alley with defendants from 8:00 p.m. to 3:00 a.m. One of the defendants mentioned that they had a stereo for sale. Richardson said that he wanted to see the stereo. They left the bowling alley in David Joseph's father's truck and went to the field behind the Datsun dealership. Then Richardson followed the defendants into the woods. The defendants picked up the piece of tin, and the three men loaded the stereo equipment onto the truck. Richardson explained that he did not give Whitt's name to the police when he was arrested because he was afraid of him.

The jury returned verdicts of not guilty of breaking and entering, and guilty of felonious larceny, and defendants Whitt and Joseph were sentenced to not less than five years and not more than six years imprisonment.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*Oldham and Alexander, by Pierre Oldham, for defendant appellant Joseph.*

*Appellate Defender Adam Stein and Assistant Appellate Defender Nora B. Henry, for defendant appellant Whitt.*

VAUGHN, Judge.

[1] Defendant Whitt brings forth two assignments of error. His first argument is that the larceny conviction impermissibly rests on an inference drawn from recent possession stacked upon an inference that he possessed the property.

The possession of recently stolen property raises a presumption of the possessor's guilt of larceny of the property. *State v. Eppley,* 282 N.C. 249, 192 S.E. 2d 441 (1972). The presumption arises only when the State proves beyond a reasonable doubt:

(1) the property described in the indictment was stolen;

(2) the stolen goods were found in defendant's custody and subject to his control and disposition to the exclusion of others though not necessarily found in defendant's hands or on his person so long as he had the power and intent to control the goods; and

(3) the possession was recently after the larceny, mere possession of stolen property being insufficient to raise a presumption of guilt.

*State v. Maines,* 301 N.C. 669, 674, 273 S.E. 2d 289, 293 (1981) (citations omitted).

It is clear that the State has proven that the property was stolen. Also, there is overwhelming evidence that the stolen goods were found in defendant Whitt's custody and subject to his control and disposition shortly after they were stolen. Whitt was present when the stereo was mentioned in the bowling alley, he went with Joseph and Richardson to where the goods were hidden, he helped load the truck, and he fled when the police appeared.

Defendant Whitt's reliance on *State v. Voncannon,* 302 N.C. 619, 276 S.E. 2d 370 (1981) is mistaken. In *Voncannon,* the defendant testified that when he stopped at a closed gas station to buy a soda, he saw a man on a tractor. The man asked him if he knew where he could buy gas. Defendant said that he did not know of any gas stations in the area that were open all night, but suggested the man leave the tractor at his sister's house which was nearby. In reversing defendant's larceny conviction, the Supreme Court concluded that since there was no direct evidence that defendant possessed the tractor, the State was relying on an inference of guilt based on possession of recently stolen goods stacked upon an inference of possession of the stolen goods. The Court held that every inference must stand on direct evidence, not on another inference.

In this case, however, there is ample direct evidence that defendant Whitt was in possession of the recently stolen goods, so the inference of guilt based on the possession of recently stolen goods was proper.

[2]  Defendant's Whitt's second argument is that the trial judge's comment on reasonable doubt improperly expressed an opinion. This argument is without merit. The judge correctly instructed the jury on reasonable doubt. Then, after summarizing the evidence, the judge said:

> Now, members of the jury, the State seeks to establish in each case the guilt of the defendant by the doctrine of recent possession. For this doctrine to apply to this case, the State must prove three things each beyond a reasonable doubt, as I have defined reasonable doubt to you, and that does mean reasonable doubt.

Since the instruction on reasonable doubt was correct, merely saying "and that does mean reasonable doubt" cannot be prejudicial.

[3]  Defendant Joseph does not discuss his first three assignments of error, so they are deemed abandoned. N.C. Rules of Appellate Procedure, Rule 28(a). Defendant Joseph's first argument is that the trial court committed prejudicial error in his instruction to the jury on the offense of felonious larceny. The trial judge gave the following instruction:

> Now, in the second count, as to each defendant, the defendants have been accused of felonious larceny. I charge that for you to find each defendant guilty of felonious larceny, the State must prove six things each beyond a reasonable doubt. First, that the defendant took the Pioneer tape player, the Pioneer cassette, the Integrated amplifier, the tuner, the audio control graphic equalizer, the BIC formula speakers, a portable color TV, a digital alarm clock, the 7.5 horsepower boat motor, the Realistic stereo with two speakers and the two custom speakers belonging to Jimmy Sheffield. Second, that the defendant carried away the property that I have just listed.

> Now, to carry it away, that just means to move it a very small—any small moving of the property is sufficient to be carrying it away. It doesn't have to be carried away where he couldn't find it.

> Third, that Jimmy Sheffield did not consent to the taking and carrying away of the property. Fourth, that at the

time the defendant intended to deprive Jimmy Sheffield of its use permanently. Fifth, that the defendant knew that he was not entitled to take the property. And sixth, either that the property was taken from a building after a breaking or entering or that the property was worth more than four hundred dollars.

Then the judge said:

So I charge that if you find from the evidence and beyond a reasonable doubt, as I have defined that to you, that on or about the 12th day of October, 1980, David Joseph took and carried away Jimmy Sheffield's property, the list of which I have repeated a number of times and I won't repeat it again here, from a building after a breaking or entering or that the property was worth more than four hundred dollars, it would be your duty to return a verdict of guilty of felonious larceny. However, if you do not so find or have a reasonable doubt as to any one of these things, you would return a verdict of not guilty of felonious larceny as to David Joseph.

Defendant Joseph claims that the instruction was prejudicial because the trial judge failed to repeat three elements of the offense: that Sheffield did not consent to the taking and carrying away; that defendant intended to deprive Sheffield of the property permanently; and that defendant knew he was not entitled to the property. Since the judge had just fully instructed the jury on all the elements of larceny, there was no prejudicial error in his failure to repeat a few of the elements. The charge must be read as a whole, if it presents the law fairly the fact that some portions, read alone, might be erroneous, is not grounds for reversal. *State v. Cummings*, 301 N.C. 374, 271 S.E. 2d 277 (1980).

[4] Defendant Joseph's second argument is that the trial court erred in its instructions on his choice not to testify. A defendant's failure to testify does not create any presumption against him. G.S. 8-54. The trial judge gave the following instruction to the jury on defendant's privilege not to testify: "Neither defendant in this case has testified. The law of North Carolina gives them this privilege. The same law also assures them that their decision not to testify creates no presumption against them. Therefore, their

silence is not to influence your decision in any way." The basis for the defendant's assignment of error is the following:

> You take into consideration all their contentions to you in these cases and any other contentions that occur to you that arise from the evidence or lack of evidence except, as I have instructed you, you are not—the fact that the defendant does not take the witness stand, doesn't testify, creates no presumption against him. The law of North Carolina gives him that privilege.

Defendant argues that the phrase "any other contentions" was prejudicial because it implied that the jury should consider the defendant's failure to testify as evidence. The judge, however, instructed the jury several times that defendant's right not to testify created no presumption against him. As mentioned above, the entire charge to the jury must be read as a whole. The phrase "any other contentions" does not negate the instructions to the jury that defendant had the right and privilege not to testify.

We have carefully reviewed defendants' assignments of error and find no error.

No error.

Judges WEBB and WELLS concur.